MOORE, ET AL, vs. THE STATE.

A bond given by a Collector is valid against him and his securities, although not approved by the county court.

ERROR to Caldwell.

DUNN, for the State.

POINTS AND AUTHORITIES.

1. The bond sued on, was found on file in the office of the clerk of the county court, and the approval of the court, even if considered

Brown vs. Pratte, to the use of the 21st road district.

necessary, will be presumed. Jones and others, vs. the State, to the use of Blow, 7 Mo. Rep. 81.

2. It was given after the election of the defendant, Moore, as sheriff and before entering upon the duties of his office as collector, and although it was executed several months sooner than the statute required it is nevertheless valid. Rev. statutes, 536, Art. 3, sec. 1, 2 and 3.

NAPTON, J., delivered the opinion of the court.

This was an action of debt upon the official bond of Enoch Moore, as collector of Caldwell county. The defendants pleaded *non est factum*, and performance of the condition of the bond. The issues were submitted to the court, who found for the plaintiff the sum of $182 8⅓, and judgment was given for that sum and costs.

Upon the trial, the plaintiff offered in evidence the bond sued upon, but its introduction was objected to, on the ground that it had not been approved by the county court. The objection was overruled, and the bond was read. The opinion of the court on this point, was excepted to, and is the only error complained of in this court.

In the case of Jones and others, vs. the State, to the use of Blow, this court held that the failure of the county court to pass upon a constable's bond, as the law requires, will not invalidate the bond, the omission to perform their duty in this respect, being no injury to the officer or his securities. The present case must fall within the same principle.

Judgment affirmed.